UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KEITH HOLMES,
*Individually and on behalf of others similarly situated*,
     Plaintiff,

 -vs-                               Case No.
                                          Hon.
                                          CLASS ACTION COMPLAINT
                                          **DEMAND FOR JURY TRIAL**

AMERICREDIT FINANCIAL SERVICES, INC.,
d/b/a GM FINANCIAL,
     Defendant.

## **COMPLAINT & JURY DEMAND**

*Keith Holmes states the following claims for relief:*

### **Introduction**

1.    This class action complaint is filed for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

2.    The ECOA requires that each applicant for credit who did not receive the credit requested or upon substantially the same terms requested be provided with a statement of reasons for such action from the creditor.  15 U.S.C § 1691(d).

3.    A statement of reasons meets the requirements of the ECOA "only if it contains the specific reasons for the adverse action taken."  15 U.S.C § 1691(d)(3).

4.    The statement of reasons for adverse action required by the ECOA "must be specific and indicate the principal reason(s) for the adverse action. Statements

that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve a qualifying score on the creditor's credit scoring system are insufficient." 12 C.F.R. 202.9(b)(2).

## Jurisdiction

5.   The court has jurisdiction under the ECOA and under 28 U.S.C. §§ 1331, 1337.

## Parties

6.   The Plaintiff is Keith Holmes, who resides in Wayne County, Michigan.

7.   The Defendant to this lawsuit is Americredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), which is a foreign corporation doing business in Michigan.

## Venue

8.   The transactions and occurrences that gave rise to this action occurred in Wayne County, Michigan.

9.   Mr. Holmes resides in Wayne County, Michigan.

10.   Venue is proper in the Eastern District of Michigan.

## Facts

11.   On or about October 12, 2015, Mr. Holmes visited James Martin Chevrolet to

lease a vehicle.

12.   During his visit to James Martin Chevrolet, Mr. Holmes completed a credit application to lease a vehicle.

13.   James Martin Chevrolet contacted GM Financial to attempt to obtain financing for Mr. Holmes.

14.   GM Financial declined to finance Mr. Holmes' lease of a vehicle.

15.   On or about November 1, 2015, GM Financial mailed an adverse action notice to Mr. Holmes that stated, in pertinent part, that GM Financial declined to finance the lease "for the following reason(s):

CREDIT NOT GRANTED ON TERMS REQUESTED
OUTSIDE OF CREDIT PROGRAM PARAMETERS"

(Caps in original.)

16.   The adverse action notice does not state the specific reasons for GM Financial's denial of credit to Mr. Holmes.

17.   The adverse action notice is a form notice that GM Financial sends to consumers, including the class members, to whom it denies credit.

18.   As a direct and proximate cause, Mr. Holmes and the class members have suffered violations of their rights under the ECOA.

## Practices and Policies of GM Financial

19.   GM Financial regularly receives credit requests from consumers.

20.   GM Financial regularly issues adverse action notices to consumers.

21.   GM Financial has implemented uniform policies, practices, and procedures that it uses to issue adverse action notices.

22.   Those policies, practices and procedures dictate the means by which GM Financial issues adverse action notices that state that consumer credit requests were denied because they were "outside of credit program parameters."

## Class Allegations

23.   Mr. Holmes brings this action on behalf of all persons within the United States (excluding the Court and its staff) who received an adverse action notice from GM Financial, within the five years preceding the date of this Complaint, that states "CREDIT NOT GRANTED ON TERMS REQUESTED" and "OUTSIDE OF CREDIT PROGRAM PARAMETERS," or substantially similar language, as the only stated reasons for the denial of credit.

24.   The classes of persons to be represented are so numerous that joinder of all members is impractical.

25.   There are questions of law and fact common to the classes. Specifically,

      a.    Whether GM Financial's adverse action notices state sufficiently

specific reasons for the denial of credit.

b.     Whether GM Financial knew or should have known of its obligations under ECOA to provide in its adverse action notices specific reasons for its denials of credit.

c.     The effect of GM Financial's failure to provide specific reasons for its denials in its adverse action notices.

26.     Mr. Holmes's claims are typical of the claims of all the potential class members.  All are based on the same legal and remedial theories.

27.     Mr. Holmes will fairly and adequately protect the interest of the class. Specifically,

a.     Mr. Holmes has no adverse interest to the class.

b.     Mr. Holmes has retained counsel who is experienced and handling class actions and litigation under the ECOA.

28.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a.     The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I – ECOA, 15 U.S.C. § 1691 *et seq.*

29.    Mr. Holmes incorporates the preceding allegations by reference.

30.    GM Financial failed to provide specific reasons for its denials of credit in its adverse action notices to Mr. Holmes and the class members, in violation of 15 U.S.C. § 1691.

31.    Mr. Holmes and the class members have suffered damages as a result of these violations of the ECOA.

## Jury Demand

32.    Mr. Holmes demands trial by jury.

## Demand for Judgment for Relief

*33.    Mr. Holmes requests the following relief from the Court:*

*1.    Assume jurisdiction over this case.*

*2.    Certify the matter as a class action.*

*3.    Actual damages in an amount to be determined at trial.*

*4.    Punitive damages in an amount to be determined at trial.*

*5.    Costs and attorney fees provided by statute.*

*6.    Declaratory and injunctive relief as appropriate.*

*7.    Any other relief the Court deems just.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Keith Holmes
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: July 18, 2016